IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY J. MERRILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-cv-168-DES |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| a Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Defendant, BNSF Railway Company's Motion to Transfer Venue to the Northern District of Oklahoma. (Docket No. 19). Plaintiff, Terry J. Merrill filed his Response and Defendant filed its Reply making this matter fully briefed. For the reasons set forth below, Defendant's Motion to Transfer Venue is DENIED.

Plaintiff Terry Merrill ("Plaintiff") brought this action alleging workplace injuries he suffered in the course and scope of his employment as a railway conductor for Defendant BNSF Railway Company ("BNSF" or "Defendant"). (Docket No. 2 at 2). Plaintiff was injured at Defendant's facilities in Tulsa, Oklahoma. *Id.* Plaintiff brought suit against Defendant under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60. *Id.* at 2-4. Pursuant to the FELA, "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56.

Defendant seeks to transfer this case to the Northern District of Oklahoma, arguing Plaintiff resides in the Northern District, the injury occurred in the Northern District, and the physical evidence and majority of the witnesses are within the Northern District, making it a more

1

convenient location. Furthermore, the facts giving rise to the lawsuit have no material relation or significant connections to the Eastern District of Oklahoma. (Docket No. 19 at 1-6). Defendant relies on 28 U.S.C § 1404(a) which states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When deciding whether the case should be transferred to another venue, the court must determine whether, in the interest of convenience and fairness, the case should be moved. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Id.* at 1515. "However, the benefits of Section 1404(a) being applicable [to cases where 45 U.S.C. § 56 is the basis of venue] only in a case where the convenience of the parties and witnesses and the interests of justice require a transfer, the moving party must unequivocally and definitely spell out a clear case of convenience and show a strong case for transfer." *Skultety v. Pennsylvania R.R. Co.*, 91 F. Supp. 118, 121 (S.D.N.Y. 1950).

Defendant's main argument for transfer is simply that the injury occurred in the Northern District and a majority of the witnesses live in the Northern District thereby making it the most convenient and cost-effective venue. (Docket No. 19 at 8-9). However, Defendant fails to acknowledge that the Eastern District is only forty-nine (49) miles from the Northern District. It is hard to see how a less than one hour drive is so inconvenient to the parties to warrant a transfer. Furthermore, as Plaintiff argues, some of Plaintiff's medical providers are located in Muskogee or Tahlequah, which are within the Eastern District. (Docket No. 23 at 7). This fact demonstrates that not all witnesses who would potentially be called to testify would find the Northern District more convenient. Defendant argues that the witnesses identified by Plaintiff are medical providers who

2

would likely not need to appear live at trial as "most medical testimony is customarily taken by deposition for trial, minimal inconvenience would be suffered by the medical witnesses." (Docket No. 26 at 4) (internal citations omitted). Despite this argument, Defendant alleges that more of Plaintiff's medical providers are located in the Northern District or "within subpoena power of the Northern District." (Docket No. 19 at 9). If the argument for transfer is that the medical providers located in the Eastern District will be deposed and not need to appear in trial live, the same logic can be used for the medical providers located in the Northern District. Additionally, the Eastern District has the same effective subpoena power that the Northern District has, making this argument futile.

Finally, Defendant argues that the Eastern District suffers from docket congestion due to the United States Supreme Court decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020). (Docket No. 19 at 10). The parties in this case have consented to the undersigned Magistrate Judge, meaning the Magistrate Judge will conduct all proceedings in this civil action including a jury or non-jury trial and to order entry of a final judgment. (Docket No. 24-1). Defendant acknowledges the Northern District has the same number of Magistrate Judges as the Eastern District. (Docket No. 19 at 10). Since the parties are amenable to having their case tried by a Magistrate Judge, the amount of cases pending within the Northern District really has no bearing on the ability of the Eastern District and the undersigned Magistrate Judge to oversee this case. Finally, despite Defendant's argument that the Northern District remains less congested than the Eastern District, the undersigned Magistrate Judge does not agree. The Northern District and the Eastern District have both been inundated with cases following the *McGirt* decision; however, despite this the Eastern District remains capable of hearing this case.

For the reasons set forth above, Defendant BNSF Railway Company's motion to transfer venue to the Northern District of Oklahoma is denied. Although Defendant argues that the Northern District is a more convenient location for witnesses and evidence, the proximity of the Eastern District to the Northern District—just forty-nine (49) miles—mitigates any inconvenience caused by the current venue. Plaintiff has a right to choose his venue under the FELA and the Eastern District is not so inconvenient to warrant transfer. The Court is keenly aware of the District Judges' docket congestion in both the Northern and Eastern Districts. However, this case is before the undersigned Magistrate Judge who is not suffering from the same docket congestion. Thus, the undersigned can manage the case efficiently despite the District Judges' caseloads. Because the balance of factors does not support transfer, the case will remain in the Eastern District of Oklahoma.

IT IS THEREFORE ORDERED that Defendant's Motion to Transfer (Docket No. 19) is DENIED as more fully set forth herein.

IT IS SO ORDERED this 30th day of December, 2024.

_____
D. Edward Snow
United States Magistrate Judge